IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DAVID GROSS,

    **Plaintiff,**

    v.                                                       CASE NO. 18-3018-SAC

LAURIE DUNN, et al.,

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff William David Gross is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed or stayed for the reasons set forth below. This matter is before the Court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner. Plaintiff proceeds pro se and in forma pauperis.

Plaintiff seeks compensation for, or the return of, his property that is being held by the Defendants—the Osage County Sheriff and the Osage County Sheriff's Office. Plaintiff alleges that property was seized pursuant to his underlying criminal proceeding, and that Defendants have failed to return the property at the conclusion of those proceedings and despite a release by the United States Attorney's Office.

Plaintiff is seeking the same relief in his criminal case. *See United States v. Gross*, No. 15-cr-40012-CM (D. Kan.). The Court in that case entered a Memorandum and Order on March 9, 2018 (Doc. 111), ruling on multiple motions filed by Plaintiff for the return of his

property under Fed. R. Crim. P. 41(g).  The Court denied the motions without prejudice, stating that:

> It appears from defendant's most recent filing that defendant has been in contact with the Osage County Sheriff's Department, which suggests to this court that his request may be moot at this point.  If defendant still has not received his property and believes the federal government has actual or constructive possession of the property as required by Rule 41(g), he may file a new motion, and the court expects the government to respond to any such motion with an update on the status of any efforts to assist with the return of defendant's property from state authorities.

Doc. 111, at 2.   Plaintiff responded to the Court's Memorandum and Order on April 3, 2018 (Doc. 112), stating that although the U.S. Attorney's Office provided Plaintiff with a copy of its release of the subject property, "it appears the U.S. attorney at the Sheriff's request failed to provide any certification to supplement or provide release and return of the property which the Court makes note of and so states."  (Doc. 112, at 1–2.)  Plaintiff suggests that Doc. 112 is intended to serve as his new motion for return of property under R. 41(g).  *See id*. at 2 ("this new motion is filed in conjunction with previous filings as a supplemental addendum").

Plaintiff is seeking the same relief in his criminal case, which will involve participants who are already familiar with the underlying criminal action and the issues surrounding the property.  In the interest of judicial economy, this matter should be dismissed or stayed pending a ruling on Plaintiff's motion in his criminal case.  *See Garcia v. Trubey*, No. 12-3095-SAC, 2012 WL 2019187, at *5 (D. Kan. 2012) (finding that the order of the federal district court in plaintiff's criminal case denying his 41(g) motion for return of seized property precludes him from relitigating his claims before this federal district court).

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 8), arguing that the case is complex and he is not skilled in the practice of law.  The Court has considered Plaintiff's

request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the request without prejudice to refiling a motion if Plaintiff's case proceeds.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 30, 2018**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Docs. 1, 4) should not be dismissed or stayed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 8) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of April, 2018.**

                                              **s/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **Senior U. S. District Judge**